# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| KENDRA MABRY, et al., | |
|     Plaintiffs, | |
|     v. | Civil Action No. 2:16-CV-402 JVB |
| CITY OF EAST CHICAGO, et al., | |
|     Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on the joint motion of defendants BP Products North America Inc. and Atlantic Richfield Company (hereinafter collectively referred to as "Atlantic Richfield") to dismiss Plaintiffs' complaint as to them (DE 39) and their request for judicial notice (DE 41). Also before the Court are the motions of defendant E.I. du Pont de Nemours and Company ("DuPont") to dismiss Plaintiffs' claims against it (DE 42) and for judicial notice (DE 43).

**A.    Plaintiffs' Complaint**

This action is brought by Hispanic and African-American residents of East Chicago, Indiana, who lived at the East Chicago Housing Authority ("ECHA") affordable housing development know as the West Calumet Housing Complex ("Complex"). According to the complaint, the population of East Chicago is 42.9 percent African-American and 50 percent Hispanic. The residents of the Complex are also overwhelmingly African-American and Hispanic.

The Plaintiffs allege that for more than thirty years the City and ECHA maintained the Complex on land they knew or should have known was contaminated with lead, arsenic, and other toxic substances. They further allege that in 2014, Atlantic Richfield and DuPont entered into an agreement with the EPA and Indiana Department of Environmental Management ("IDEM") for a $26-million clean-up of lead and arsenic contaminants in East Chicago without giving Plaintiffs notice of the agreement or the underlying circumstances that detrimentally impacted their property, health, and lives. They claim that Atlantic Richfield, DuPont, and the other defendants in this case failed to protect them, concealed the fact that lead and arsenic were present at the Complex, and planned to destroy the Complex at an economically convenient time, in disregard of their rights.

In Count II of the complaint, Plaintiffs assert that Atlantic Richfield and DuPont caused harmful conditions to exist at the Complex, entered into an agreement to mitigate them, took steps that increased the danger, and failed to notify the Plaintiffs. According to the Plaintiffs, as a result of these actions and omissions, they have experienced adverse conditions, different from those in predominantly white neighborhoods. They allege that this conduct was intentional, willful, and taken in disregard of their rights and constitutes discrimination in violation of the Fair Housing Act ("FHA").

In Count III, the Plaintiffs allege that the actions of Atlantic Richfield, DuPont, and the other defendants have had and continue to have a substantial adverse, disparate impact on Hispanic and African-American households, and households with children, in violation of the FHA.

**B.     Discussion**

**(1)**    *Atlantic Richfield's Request for Judicial Notice*

In its request, Atlantic Richfield asks the Court to take judicial notice of more than 300 pages of documents consisting of a consent decree, and exhibits A through F to the consent decree in *United States v. Atlantic Richfield Company*, 2:14-CV-312 (N.D. Ind. 2014). The point of this exercise is apparently to establish that Atlantic Richfield's alleged predecessors (just who these predecessors might be and who has alleged they are predecessors Atlantic Richfield does not explain) vacated the property on which the Complex is located more than twenty years before it was built. Atlantic Richfield's only reference to these documents is found in a footnote in its brief in support of the motion to dismiss (DE 40 at 2, n. 3), in which it cites to a fragment of a sentence on page 8 of the Record of Decision that is Exhibit D to the consent decree. (DE 41-5 at 10.) The cited passage says only that Anaconda Lead Products and International Lead Refining Company once operated at the location currently occupied by an East Chicago public housing facility.

A court may take judicial notice of a document filed in another court not for the truth of the matters asserted, but only to establish the fact of such litigation and related filings. *Opoka v. I.N.S.*, 94 F.3d 392, 395 (7th Cir. 1996). Even if the snippet of information Atlantic Richfield asks the Court to accept as undisputed were a proper subject for judicial notice, which it is not, the Court fails to see how it establishes the proposition for which it was cited or any other fact that is of consequence in this litigation. The Court will take judicial notice of the fact that a consent decree involving the site of the Complex exists, but will not consider the voluminous

information contained in the decree to be indisputable fact.[1]

**(2)** *DuPont's Request for Judicial Notice*

Between its request for judicial notice (DE 43) and its addendum to the request (DE 62) DuPont asks this Court to take judicial notice of more than 600 pages of documents filed in *United States v. Atlantic Richfield Company*, 2:14-CV-312 (N.D. Ind. 2014). Plaintiffs have not objected but Co-Defendants City of East Chicago and Anthony Copeland have filed a response in which they maintain that taking notice of the two affidavits that comprise the addendum would be improper if it means accepting as undisputed facts all the information contained in them. The Court agrees that judicial notice should extend only to the fact that these documents were filed and are a matter of public record. *See Opoka* at 94 F.3d 392, 395. Accordingly, with that limitation, the Court will take judicial notice of the filings in Case No. 2:14-CV-312 that DuPont has attached to its request for judicial notice and appendix.

**(3)** *DuPont's Arguments concerning Subject Matter Jurisdiction*

DuPont argues that this Court has no subject matter jurisdiction over Plaintiffs' claims because the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") prohibits challenges to the remedial action that is the subject matter of the

---

[1] Atlantic Richfield apparently believes that a statement in *Gibson v. American Cyanamid Company*, 719 F. Supp. 2d 1031, 1034 (E.D. Wis. 2010) to the effect that International Smelting and Refining Company made lead products at a plant in East Chicago from 1936 to 1946 establishes that its predecessors sold their East Chicago operation decades ago. (*See* DE 40 at 7, n. 3.) It does not. Similarly, its reliance on an April 1970 *Chicago Daily Defender* article (which Atlantic Richfield doesn't bother to provide to the Court) that refers to the construction of the Complex on a site vacated by Eagle-Picher Co. to establish who owned the property and when is misplaced. (*See id.*) Random information contained in a newspaper article is not beyond dispute.

agreement among EPA, IDEM, DuPont, and Atlantic Richfield referred to in Plaintiffs' complaint. DuPont explains that the agreement mentioned in the complaint is the October 28, 2014, consent decree entered in Case No. 2:14-CV-312, which is one of the documents the Court has judicially noticed (Ex. 1 to Pls.' Mem., DE 43-1).[2] But DuPont has not satisfactorily explained to the Court how Plaintiffs' complaint challenges the consent decree. Accordingly the Court will not dismiss the complaint as to DuPont on those grounds.

DuPont also contends that this Court has no subject matter jurisdiction because Plaintiffs lack standing. However, the complaint sufficiently alleges injury in fact that is fairly traceable to DuPont's challenged actions and that is likely to be redressed by court action. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Accordingly, the complaint will not be dismissed for lack of standing.

**(3)** *Fair Housing Act Claims*

Atlantic Richfield and DuPont both argue that Plaintiffs complaint fails to state claims for relief under the FHA and should be dismissed as to them. The Court agrees.

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the pleadings, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is

---

[2]DuPont has attached the judicially noticed documents both to its request for judicial notice and as exhibits to its memorandum in support of its motion to dismiss. The Court cites to the latter.

entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).[3] As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 556).

The Plaintiffs do not disclose in Count II of their complaint what provision of the FHA they think Atlantic Richfield and DuPont violated. The Court's best guess is that they are claiming that Atlantic Richfield and DuPont made housing unavailable to them because of their race, national origin, and familial status in violation of 42 U.S.C. § 3604(a). That provision can encompass both intentional discrimination and facially neutral conduct that has a disparate impact on members of the classes protected by the FHA. In Count III they specifically allege disparate impact under both § 3604(a) and (b).[4]

---

[3] In *Twombly*, the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

[4] Those sections provide:
[I]t shall be unlawful–
(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.
42 U.S.C. § 3604(a) and (b).

The Plaintiffs' complaint fails with respect to intentional discrimination because it does not plausibly allege that either Atlantic Richfield's or DuPonts' actions and failures to act were taken *because of* the Plaintiffs' protected status. *See Wilson v. Warren County*, 830 F.3d 464, 467–68 (7th Cir. 2016) (dismissing an FHA claim because the plaintiff had not plausibly alleged that the defendants acted because of his disability). In addition, the complaint alleges in conclusory fashion that these defendants "caused harmful conditions to exist at the Complex, . . . took steps that increased the danger, and failed to notify the Tenants" (Compl., DE 1 at 9), without stating what they did to cause the harmful conditions, what they did to increase the danger, or when they did these things. Moreover, the Plaintiffs have not directed the Court to any case that convinces it that the failure of these defendants—who are not alleged to have any current ownership interest in the Complex— to warn its residents of the dangers of contamination is conduct the Fair Housing Act intended to reach, either as intentional discrimination or because it has a disparate impact on protected classes. The Fair Housing Act's purpose is to outlaw conduct that perpetuates segregated housing. Perhaps the Court lacks imagination, but it does not see how anything Atlantic Richfield or DuPont allegedly did or failed to do could have had such an effect in this case. Accordingly, the Court will dismiss both Counts II and III of the complaint as to Atlantic Richfield and DuPont.

**D.     Conclusion**

For the foregoing reasons, the motion of defendants BP Products North America Inc. and Atlantic Richfield Company to dismiss the Plaintiffs' complaint as to them (DE 39) is **GRANTED**. Their request for judicial notice (DE 41) is **GRANTED IN PART** and **DENIED**

7

**IN PART**. The motion of defendant E.I. du Pont de Nemours and Company to dismiss the Plaintiffs' complaint as to them (DE 42) is **GRANTED**. Their request for judicial notice (DE 43) is **GRANTED IN PART** and **DENIED IN PART**.

SO ORDERED on September 27, 2017.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
