## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| **KENDRA MABRY**, individually and as Mother and as next of friend of her **K.W**., **M.C 1, M.C. 2, J.W.1**, and **J.W.2**, who are Minors, **ANGELA ESPINOZA**, individually And next friend of **A.E., R.E, N.C., A.C., AND K.C.,** who are minors and **ROBERTO CABELLO, JR.** on behalf of themselves and all other similarly-situated persons, Known and unknown, <br><br> Plaintiffs <br><br> v. <br><br> **CITY OF EAST CHICAGO, ANTHONY COPELAND,** individually and in his Official Capacity as Mayor of the city of East Chicago, **BP PRODUCTS   NORTH AMERICA, INC., E I DUPONT de NEMIURS AND COMPANY, ATLANTIC RICHFIELD COMPANY, EAST CHICAGO HOUSING AUTHORITY,** and **TIA CAULEY**, individually and in her capacity as director of the East Chicago Public Housing authority. <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br> Case No. 2:16-cv-000402-JVB -JEM |

## DEFENDANTS', ANTHONY COPELAND and CITY OF EAST CHICAGO, ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

Come now, Defendant, Anthony Copeland and City of East Chicago (hereinafter referred to as "Defendants") by counsel, Tolbert & Tolbert LLC, state as follows:

## INTRODUCTION

1. For over 30 years, the City and ECHA maintained affordable housing for the Tenants including families with children, people with disabilities, and others on land that the

City and ECHA knew or reasonably should have known was contaminated with lead, arsenic and/or other toxic substances. Much of the affordable housing that the City and ECHA maintained on contaminated land was and is located in a development commonly known as the West Calumet Housing Complex (the "Complex"). Tenants living at the Complex in the summer of 2016 were suddenly told that they must leave, and are now forced to move on an expedited schedule, allowing as little as 30 days to find new housing. The loss of the affordable housing means, for many, a transition from an affordable housing complex to using vouchers that allow rental in privately-owned homes. The latter homes are more difficult to find and voucher holders are subject to discrimination. Discrimination against voucher holders is not illegal in Indiana.

**ANSWER:** **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph of Plaintiffs' Complaint and, therefore, deny same.**

2. The Tenants, including minor children who regularly played in contaminated dirt, have been exposed to lead, arsenic and potentially other toxic substances. Adults and children have experienced elevated lead levels and, upon information and belief, have experienced elevated levels of arsenic and other toxic substances. The defendants are aware of the dangers of lead. The City's FY 2014 – 2018 Five Year Consolidated Plan and FY 2014 Action Plan (Action Plan) includes, on Page 40, the following table acknowledging the prevalence of lead-based threats in East Chicago:

**Risk of Lead-Based Paint Hazard**

| Risk of Lead-Based Paint Hazard | Owner-Occupied | | Renter-Occupied | |
|---|---|---|---|---|
| | Number | % | Number | % |
| Total Number of Units Built Before 1980 | 4,165 | 94% | 4,655 | 88% |
| Housing Units build before 1980 with children present | 235 | 5% | 1,570 | 30% |

Table 32 – Risk of Lead-Based Paint
Data Source:    2006-2010 ACS (Total Units) 2006-2010 CHAS (Units with children present)

Despite clearly knowing that lead contamination poses a hazard, the City, Copeland, ECHA, and Cauley (collectively, the "Governmental Defendants") allowed and directed the Tenants to reside in the Complex on land they knew, or should have known, was contaminated with lead; and they failed to take any steps to inform the Tenants of the lead risk, conduct tests at ECHA properties, or otherwise protect the Tenants.

**ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph of Plaintiffs' Complaint and, therefore, deny same.**

## PARTIES, JURISDICTION AND VENUE

3.   The City is an Indiana municipal corporation located in Lake County, Indiana.

**ANSWER:     Defendants admit the allegations of said paragraph of Plaintiffs' Complaint.**

4.   The City employed Anthony Copeland, who is currently the mayor of East Chicago.

**ANSWER:     Defendants admit that Anthony Copeland is currently the Mayor of East Chicago.**

5.   ECHA maintained, and maintains, the housing in which the Tenants lived.

**ANSWER:     This paragraph is not directed at answering Defendants so no answer is required.**

6.   ECHA employed Cauley, who is currently its director.

**ANSWER:     This paragraph is not directed at answering Defendants so no answer is required.**

7. BP has its headquarters in London, England, but regularly transacts business in Lake County, Indiana. BP is the successor in interest to ARCO.

**ANSWER:** **This paragraph is not directed at answering Defendants so no answer is required. To the extent that said paragraph seeks to impose liability on answering Defendants it is denied.**

8. DuPont has its headquarters in Wilmington, Delaware, but regularly transacts business in Lake County, Indiana.

**ANSWER:** **This paragraph is not directed at answering Defendants so no answer is required. To the extent that said paragraph seeks to impose liability on answering Defendants it is denied.**

9. ARCO has its headquarters in LaPalma, California, but regularly transacts business in Lake County, Indiana. ARCO is now part of BP.

**ANSWER:** **This paragraph is not directed at answering Defendants so no answer is required. To the extent that said paragraph seeks to impose liability on answering Defendants it is denied.**

10. At relevant times, the defendants perpetrated the conduct described below individually and/or by and through their respective agents, over whom the defendants exerted operational control concerning the facts at issue.

**ANSWER:** **Defendants deny the allegations contained in said paragraph of Plaintiffs' Complaint.**

11. All of the relevant acts and/or omissions set forth in this complaint took place in Lake County, Indiana.

**ANSWER:** **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph of Plaintiffs' Complaint. To the extent said paragraph is intended to impose liability on answering Defendants it is hereby denied.**

12. The Tenants all lived in Lake County, Indiana, and specifically in the City of East Chicago, when the relevant acts and/or omissions set forth in this complaint took place.

    a.    Tenants Angelina Espinoza, Roberto Cabello, Jr., A. E., R. E., N. C., A. C., and K. C. lived in the Complex for at least seven years. They are Hispanic. A. E., R. E., N. C., A. C., and K. C. are minor children.

    b.    Tenants Kendra Mabry, K. W., M. C. 1, M. C. 2, J. W. 1, and J. W. 2 lived in the Complex for at least three years. Their race is African-American. K. W., M. C., J. W., M. C., M. C. 2, and J. W. 2 are minor children.

**ANSWER:** **This paragraph and sub-parts are not directed at answering Defendants so no answer is required. To the extent that said paragraph seeks to impose liability on answering Defendants it is denied.**

13. The Complex is located in the City of East Chicago, Lake County, Indiana.

**ANSWER:** **Defendants admit the allegations contained in said paragraph of Plaintiffs' Complaint.**

14. This is an action for violation of a federal statute, the Fair Housing Act, 42 U.S.C. §3601 *et seq*. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question).

**ANSWER:** **Said paragraph is a legal conclusion so no answer is required. To the extent said paragraph seeks to impose liability on the answering Defendants it is denied**.

15. Venue is proper in the Northern District of Indiana pursuant to 28 U.S.C.

§1391because Defendants are subject to personal jurisdiction in this district.

**ANSWER:** **Said paragraph is a legal conclusion so no answer is required. To the extent said paragraph seeks to impose liability on the answering Defendants it is denied.**

## CLASS ALLEGATIONS

16. The plaintiffs bring this action as an opt-out class action under Federal Rule of Civil Procedure ("FRCP") 23(b)(2) and 23(b)(3) on behalf of themselves and a putative class of similarly situated individuals.

The plaintiffs maintain that, pursuant to FRCP 23, the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and the representative parties will fairly and adequately protect the interests of the class

**ANSWER:** **Said paragraph is a legal conclusion so no answer is required. To the extent said paragraph seeks to impose liability on the answering Defendants it is denied.**

17. This action is necessary to protect the civil rights of the plaintiffs and all others similarly situated who have been injured by the pertinent discriminatory acts or practices committed by the defendants and their agents, representatives, and servants of any type.

**ANSWER:** **Said paragraph is a legal conclusion so no answer is required. To the extent said paragraph seeks to impose liability on the answering Defendants it is denied.**

18. The reason for not joining all potential class members as plaintiffs is that, on information and belief, there are thousands of potential plaintiffs, making it

impractical to bring them before the Court. All plaintiffs are members of a protected

class, namely race, national origin, or familial status. There are many persons who are

similarly situated that have been affected and the question to be determined is one of

common and general interest to many persons constituting the class to which the

plaintiffs belong and the group is so numerous as to make it impracticable to bring

them all before the Court, for which reason the plaintiffs initiate this litigation for all

persons similarly situated pursuant to FRCP 23.

**ANSWER:** **Said paragraph is a legal conclusion so no answer is required. To the extent said paragraph seeks to impose liability on the answering Defendants it is denied**.

19. Issues and questions of law and fact common to the members of the class predominate

over questions affecting individual members and the claims of the plaintiffs are typical

of the claims of the putative class.

**ANSWER:** **Said paragraph is a legal conclusion so no answer is required. To the extent said paragraph seeks to impose liability on the answering Defendants it is denied**.

20. The maintenance of this litigation as a class action will be superior to other methods

of adjudication in promoting the convenient administration of justice.

**ANSWER:** **Said paragraph is a legal conclusion so no answer is required. To the extent said paragraph seeks to impose liability on the answering Defendants it is denied**.

21. The plaintiffs will fairly and adequately assert and protect the interests of the

class.

**ANSWER:** **This paragraph is not directed at answering Defendants so no answer is required. To the extent that said paragraph seeks to impose liability on answering Defendants it is denied.**

22. The City lists the demographics of its population at 42.9 percent African-American and 50 percent Hispanic and says that African-American and Hispanic people experience greater affordable housing need in East Chicago. Action Plan, P. 29. The Tenants who live, and lived, in the Complex are overwhelmingly African-American and Hispanic.

**ANSWER:** **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph of Plaintiffs' Complaint. To the extent said paragraph is intended to impose liability on answering Defendants it is hereby denied.**

23. The Complex has 346 units according to ECHA's 2015 ECHA Plan and 5-Year Plan Update, page 4. Page 19 of the same document details a plan to demolish all of these affordable housing units, Tenant's homes, in 2016:

Development name: West Calumet
Development project number: 29-2 (AMP 3) Family
Activity type: Disposition/Demolition
Application status: Planned Application
Date application planned for submission: TBD
Number of units affected: 346
Coverage of action: Partial or Total Development (TBD)
Timeline for development activity: Projected start date of activity 1/01/16;
Projected end of activity 12/31/16

**ANSWER:** **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph of Plaintiffs' Complaint and, therefore, deny same.**

24. The City, Copeland, ECHA, and Cauley planned to eliminate this affordable, majority minority (African-American and Hispanic) neighborhood during 2016, regardless of whether lead was abruptly "discovered."

**ANSWER:** Defendants deny said allegations of Plaintiffs' Complaint.

25. In 2014, DuPont and ARCO entered into an agreement with the Environmental Protection Agency and Indiana Department of Environmental Management for a $26-million clean-up of lead and arsenic contaminants in East Chicago. No notice was provided to Tenants or the public regarding the agreement or the underlying circumstances which detrimentally impacted the property, health, and lives of the Tenants.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph of Plaintiffs' Complaint and, therefore, deny same.

26. The combined actions of the Defendants in this matter have harmed the Tenants by exposing them, on an on-going basis, to extremely high levels of lead, arsenic, and other contaminants.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph of Plaintiffs' Complaint. To the extent said paragraph is intended to impose liability on answering Defendants it is hereby denied.

27. Copeland's wrongful acts were a manifestation of the City's policies and are fairly those of the City because of his position as mayor.

**ANSWER:** Defendants deny the allegations of said paragraph of Plaintiffs' Complaint.

28. The City's policies and customs, including the plan to demolish the Complex, supported the deliberate concealment and aggravation of conditions affecting the

Tenants, and these policies and customs were the force behind the conduct of Copeland, ECHA, and Cauley that caused harm to the Tenants.

**ANSWER:     Defendants deny the allegations of said paragraph of Plaintiffs' Complaint.**

29. Lead is a cumulative toxin that affects many body systems and is particularly harmful to young children. Even relatively low levels of exposure can cause serious, irreversible neurological damage.

**ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph of Plaintiffs' Complaint. To the extent said paragraph is intended to impose liability on answering Defendants it is hereby denied.**

30. Arsenic is highly toxic and is a carcinogen.

**ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph of Plaintiffs' Complaint. To the extent said paragraph is intended to impose liability on answering Defendants it is hereby denied.**

31. The defendants failed to protect the Tenants, concealed the fact that lead and arsenic were present at the Complex, and planned to destroy the Complex at an economically-convenient time with disregard for the rights of the Tenants.

**ANSWER:     Defendants deny the allegations of said paragraph of Plaintiffs' Complaint.**

32. The defendants' wrongful acts constituted intentional discrimination against people based on membership in a protected class: race, national origin, and/or familial status.

**ANSWER:     Defendant deny the allegations of said paragraph of Plaintiffs' Complaint.**

33. In June or July 2016, Copeland and the City abruptly notified the Tenants of what they called the "discovery" of lead and told the Tenants that they would have to move. **Exhibit A, Correspondence**.

**ANSWER:     Defendants deny the allegations of said paragraph of Plaintiffs' Complaint.**

34. The tenants have been stymied in their efforts to understand the relocation process, and Copeland, the City, ECHA, and Cauley have utterly failed to communicate clearly about the need to relocate and options available to the Tenants.

**ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph of Plaintiffs' Complaint. To the extent said paragraph is intended to impose liability on answering Defendants it is hereby denied.**

35. Options made available to the Tenants appear to revolve around vouchers. Many private landlords refuse to accept vouchers, acting out of animus based on class. This discrimination is not illegal in Indiana, Lake County, or East Chicago—leaving Tenants with no "Housing Choice," even if their vouchers bear that name.

**ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph of Plaintiffs' Complaint and, therefore, deny same.**

36. Throughout their tenancy, the Tenants have been subjected to degrading and humiliating treatment by the City, Copeland, ECHA, and Cauley. This includes, but is not limited to:
    a. Excessive police patrols;
    b. Having various entrances closed, limiting ingress and egress to and from the Complex to one gate; and
    c. Upon information and belief, closure of all gates, allowing no free and unimpeded ingress and egress during "riots" by African-Americans in other parts of the United States.

**ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph of Plaintiffs' Complaint.**

**To the extent said paragraph is intended to impose liability on answering Defendants it is hereby denied.**

**WHEREFORE**, Defendants, Anthony Copeland and City of East Chicago, pray that the Plaintiffs take nothing by way of their Complaint consistent with the Court's Order granting Defendants' Motion to Dismiss and for all other just and proper relief in the premises.

**I.  CAUSE OF ACTION:    Violation of the Fair Housing Act by Defendants City of East Chicago, Mayor Anthony Copeland, East Chicago Public Housing Authority, and ECHA Director Tia Cauley (Governmental Defendants)**

37. The plaintiffs re-allege and incorporate by reference the allegations in all previous paragraphs of this complaint as if fully pleaded herein.

**ANSWER:    Defendants reallege and incorporate all of its Answers as stated in all prior paragraphs as if the same were fully set forth herein.**

38. The Governmental Defendants' conduct in planning to demolish the Complex, and taking steps to empty it, has made and will make housing unavailable because of national origin, race, or color and also constitutes discrimination in terms, conditions, or privileges of sale or rental of dwellings or in the provision of services because of national origin, race, or color in violation of Section 804(a) and Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(a) and 42 U.S.C. § 3604(b).

**ANSWER:    This Count was dismissed by the Court's Order of September 27, 2017 so no answer is required.**

39. The Governmental Defendants' adoption and implementation of the Annual Plan has made and will make housing unavailable because of national origin, race, or color in

violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a).

**ANSWER:**     **This Count was dismissed by the Court's Order of September 27, 2017 so no answer is required.**

40. The Governmental Defendants' concealment of health risks, and failure to mitigate risks, at the Complex has discriminated in the terms and conditions of housing in violation of 42 U.S.C. § 3604(a) and 42 U.S.C. § 3604(b).

**ANSWER:**     **This Count was dismissed by the Court's Order of September 27, 2017 so no answer is required.**

41. The Governmental Defendants' unfair policing strategy and failure to provide free ingress and egress at the Complex has discriminated in the terms and conditions of housing in violation of 42 U.S.C. § 3604(a) and 42 U.S.C. § 3604(b).

**ANSWER:**     **This Count was dismissed by the Court's Order of September 27, 2017 so no answer is required.**

42. The Governmental Defendants' conduct, through their officials, described above, constitutes a violation of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*.

**ANSWER:**     **This Count was dismissed by the Court's Order of September 27, 2017 so no answer is required.**

43. There are persons who have been injured by the Governmental Defendants' discriminatory actions as described above and are aggrieved persons as defined in 42 U.S.C. § 3602(i). These persons have suffered, or may have suffered, damages as a result of the defendant's discriminatory conduct.

**ANSWER:** **This Count was dismissed by the Court's Order of September 27, 2017so no answer is required.**

44. The Governmental Defendants' conduct has been intentional, willful, and taken in disregard of the Tenants' rights, including African-American and Hispanic residents of the Complex and those with children.

**ANSWER:** **This Count was dismissed by the Court's Order of September 27, 2017 so no answer is required.**

**WHEREFORE**, Defendants, Anthony Copeland and City of East Chicago, pray that the Plaintiffs take nothing by way of their Complaint consistent with the Court's Order granting Defendants' Motion to Dismiss and for all other just and proper relief in the premises.

## II. CAUSE OF ACTION: Violation of the Fair Housing Act by Defendants ARCO, Du Pont, and BP (Corporate Defendants)

45. The plaintiffs re-allege and incorporate by reference the allegations in all previous paragraphs of this complaint as if fully pleaded herein.

**ANSWER:** **Defendants reallege and incorporate all of their Answers as stated in all prior paragraphs as if the same were fully set forth herein.**

46. As set forth above, the defendants ARCO, DuPont, and BP (collectively, the "Corporate Defendants") caused harmful conditions to exist at the Complex, entered into an agreement to mitigate it, took steps that increased the danger, and failed to notify the Tenants.

**ANSWER:** **This paragraph is not directed at answering Defendants so no answer is required.**

47. As a result of the Corporate Defendants' actions, the Tenants must leave their homes.

**ANSWER:** **This paragraph is not directed at answering Defendants so no answer is required.**

48. As a result of the Corporate Defendants' actions and omission, the Tenants have experienced adverse conditions, different from those experienced by people in predominantly White neighborhoods, in their homes—namely, exposure to lead, arsenic, and other toxins.

**ANSWER:** **This paragraph is not directed at answering Defendants so no answer is required.**

49. The Corporate Defendants' conduct, through their agents and in concert with other defendants, described above, constitutes a violation of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*.

**ANSWER:** **This paragraph is not directed at answering Defendants so no answer is required.**

50. There are persons who have been injured by the Corporate Defendants' discriminatory actions as described above and are aggrieved persons as defined in 42 U.S.C. § 3602(i). These persons have suffered, or may have suffered, damages as a result of the Corporate Defendants' discriminatory conduct.

**ANSWER:** **This paragraph is not directed at answering Defendants so no answer is required.**

51. The Corporate Defendants' conduct has been intentional, willful, and taken in disregard of the rights of Hispanic and African-American residents of East Chicago

and families with children, particularly the Tenants in the Complex.

**ANSWER:** **This paragraph is not directed at answering Defendants so no answer is required.**

    **WHEREFORE**, Defendants, Anthony Copeland and City of East Chicago, pray that the Plaintiffs take nothing by way of their Complaint consistent with the Court's Order granting Defendants' Motion to Dismiss and for all other just and proper relief in the premises.

    **III.**    **CAUSE OF ACTION: Violation of the Fair Housing Act by All Defendants Based on Disparate Impact**

52. The plaintiffs re-allege and incorporate by reference the allegations in all previous paragraphs of this complaint as if fully pleaded herein.

**ANSWER:** **Defendants reallege and incorporate all of their Answers as stated in all prior paragraphs as if the same were fully set forth herein.**

53. The defendants' actions, practices and policies, as described above, have had and continue to have a substantial adverse, disparate impact on Hispanic and African-American households, and households with children, in violation of the Fair Housing Act, 42 U.S.C. § 3604 (a) and (b). Further, the defendants' actions violate HUD's prohibition, effective March 18, 2013, on disparate impact, 24 CFR § 100.70(d)(5), on: enacting or implementing land-use rules, ordinances, policies, or procedures that restrict or deny housing opportunities or otherwise make unavailable or deny dwellings to persons because of race, color, religion, sex, handicap, familial status, or national origin.

**ANSWER:** This Count was dismissed by the Court's Order of September 27, 2017 so no answer is required.

    **WHEREFORE**, Defendants, Anthony Copeland and City of East Chicago, pray that the Plaintiffs take nothing by way of their Complaint consistent with the Court's Order granting Defendants' Motion to Dismiss and for all other just and proper relief in the premises.

    **IV.    CAUSE OF ACTION:    Violation of the Right to Due Process of Law as Guaranteed by the Fourteenth Amendment to the United States Constitution Actionable Pursuant to 42 U.S.C. § 1983 Against the Governmental Defendants**

54. The plaintiffs re-allege and incorporate by reference the allegations in all previous paragraphs of this complaint as if fully pleaded herein.

    **ANSWER:    Defendants reallege and incorporate all of its Answers as stated in all prior paragraphs as if the same were fully set forth herein.**

55. As set forth above, the City, Copeland, ECHA, and Cauley (Governmental Defendants) have ordered the Tenants to leave their homes and planned to demolish them in 2016 without affording any due process whatsoever.

    **ANSWER:    Defendants deny the allegations contained in said paragraph of Plaintiffs' Complaint.**

56. As set forth above, the Governmental Defendants have taken actions that infringe upon and deprive the Tenants of their property rights without meaningful and adequate notice and opportunity to be heard.

    **ANSWER:    Defendants deny the allegations contained in said paragraph of Plaintiffs' Complaint.**

57. The Governmental Defendants, acting under color of state law and local ordinance, have deprived the Tenants of their rights secured by the due process clause of the

Fourteenth Amendment, actionable under 42 U.S.C. § 1983.

**ANSWER:** **Defendants deny the allegations contained in said paragraph of Plaintiffs' Complaint.**

    **WHEREFORE**, Defendants, Anthony Copeland and City of East Chicago, pray that the Plaintiffs take nothing by way of their Complaint, and for all other just and proper relief in the premises.

### V.    CAUSE OF ACTION:    Violation of the Civil Rights Act of 1866, 42 U.S.C. §1982 Against the Governmental Defendants

58. The plaintiffs re-allege and incorporate by reference the allegations in all previous paragraphs of this complaint as if fully pleaded herein.

**ANSWER:** **Defendants reallege and incorporate all of its Answers as stated in all prior paragraphs as if the same were fully set forth herein.**

59. The Civil Rights Act of 1866, as amended, 42 U.S.C. § 1982, guarantees that ". . . [a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property".

**ANSWER:** **This Count was dismissed by the Court's Order of September 27, 2017 so no answer is required.**

60. By seeking to declare uninhabitable or demolish all the homes within the Complex and maintaining and implementing an Action Plan that contemplates destruction of the Complex, the Governmental Defendants are intentionally seeking to deprive the Tenants and other African-American and Hispanic residents of their right to inherit,

purchase, lease, sell, hold, and convey real and personal property as is enjoyed by white citizens, in violation of 42 U.S.C. § 1982.

**ANSWER:** **This Count was dismissed by the Court's Order of September 27, 2017 so no answer is required.**

61. The Governmental Defendants have otherwise intentionally discriminated against the Tenants and other African-American and Hispanic residents of West Calumet as described above.

**ANSWER:** **This Count was dismissed by the Court's Order of September 27, 2017 so no answer is required.**

62. The Governmental Defendants have thus violated the plaintiffs' rights guaranteed under 42 U.S.C. § 1982.

**ANSWER:** **This Count was dismissed by the Court's Order of September 27, 2017 so no answer is required.**

**WHEREFORE**, Defendants, Anthony Copeland and City of East Chicago, prays that the Plaintiffs take nothing by way of their Complaint consistent with the Court's Order granting Defendants' Motion to Dismiss and for all other just and proper relief in the premises.

**VI.     CAUSE OF ACTION:     Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution Actionable Pursuant to 42 U.S.C. § 1983 Against the Governmental Defendants**

63. The plaintiffs re-allege and incorporate by reference the allegations in all previous paragraphs of this complaint as if fully pleaded herein.

**ANSWER:**    **Defendants reallege and incorporate all of its Answers as stated in all prior paragraphs as if the same were fully set forth herein.**

64. The City, Copeland, ECHA, and Cauley (Governmental Defendants) have intentionally discriminated against the Tenants and other African-American and Hispanic residents of the Complex as set forth more fully above.

**ANSWER:**    **This Count was dismissed by the Court's Order of September 27, 2017.  To the extent that this Court determines Count VI was not dismissed, this paragraph is denied.**

65. The Governmental Defendants have, under color of federal and state law and local ordinance, intentionally deprived the Tenants of their rights to equal protection under the law as guaranteed to them by the Fourteenth Amendment of the United States Constitution because of their race, ethnicity and/or national origin, actionable pursuant to 42 U.S.C. § 1983.

**ANSWER:**    **This Count was dismissed by the Court's Order of September 27, 2017.  To the extent that this Court determines Count VI was not dismissed, this paragraph is denied.**

### REQUEST FOR DECLARATORY RELIEF

66. The Tenants, on the one hand, and the defendants, on the other hand, have adverse legal interests, and there is a substantial controversy between the parties that the Court can resolve by declaring the parties' respective rights.

**ANSWER:**    **This Count was dismissed by the Court's Order of September 27, 2017.  To the extent that this Court determines Count VI was not dismissed, this paragraph is denied.**

67. The Tenants have an interest in and a right to remain in their homes, including the right to be free of unnecessary health risks and to notice of any health risks. They also have the right to limited English proficiency services.

**ANSWER:** **This Count was dismissed by the Court's Order of September 27, 2017. To the extent that this Court determines Count VI was not dismissed, this paragraph is denied.**

68. The Tenants are entitled to a declaration, *inter alia,* that the defendants cannot deprive them of their homes; that the defendants cannot implement the Annual Plan designed to deprive them of their homes; that the defendant must provide documents in Spanish and provide Spanish-language interpreters where needed.

**ANSWER:** **This Count was dismissed by the Court's Order of September 27, 2017. To the extent that this Court determines Count VI was not dismissed, this paragraph is denied.**

69. The Tenants seek corresponding injunctive relief, including a Court order that the defendants are restrained from bringing any action to dispossess them of their homes.

**ANSWER:** **This Count was dismissed by the Court's Order of September 27, 2017. To the extent that this Court determines Count VI was not dismissed, this paragraph is denied.**

**WHEREFORE**, Defendants, Anthony Copeland and City of East Chicago, prays that the Plaintiffs take nothing by way of their Complaint consistent with the Court's Order granting Defendants' Motion to Dismiss and for all other just and proper relief in the premises.

Respectfully submitted,

**TOLBERT & TOLBERT LLC**

/s/Michael E. Tolbert
By: Michael E. Tolbert
1085 Broadway, Ste. B
Gary, IN 46402
Ph: 219-427-0094
Fx: 219-427-0783
Attorney for Defendant East Chicago and
Anthony Copeland

## JURY DEMAND

Defendants, Anthony Copeland and City of East Chicago, by counsel, demand trial by jury on all issues.

Respectfully submitted,

**TOLBERT & TOLBERT LLC**

/s/Michael E. Tolbert
By: Michael E. Tolbert
1085 Broadway, Ste. B
Gary, IN 46402
Ph: 219-427-0094
Fx: 219-427-0783
Attorney for Defendant East Chicago and
Anthony Copeland

## AFFIRMATIVE DEFENSES

Defendants, ANTHONY COPELAND and CITY OF EAST CHICAGO, by counsel, and for their Affirmative Defenses to Plaintiffs' Complaint, state:

1.      Plaintiffs have failed to state a claim upon which relief can be granted pursuant to Federal Rule 12(b)(6) because the Defendants do not own the property at issue.

2.      Defendants have Federal and State Immunity.

3.      The Plaintiffs' claims are barred by the Federal and State Immunity defenses which include, but are not limited to, individual immunity, qualified immunity, good faith immunity, absolute immunity and any immunity defense provided under I.C. 34-13-3-5 (a).

4.      Plaintiffs are the cause of part or all of their damages.

5.      Plaintiffs failed to mitigate damages.

6.      The claims are barred in whole or in part by contributory fault and/or negligence.

7.      Defendants had probable cause for their actions.

8.      Defendants acted in good faith with respect to Plaintiffs and had reasonable grounds for believing that the underlying act(s) or omission(s) alleged by Plaintiffs was not a violation of Indiana common law, federal common law, Indiana Constitution, the U.S. Constitution, 42 U.S.C. §1983 or any other state and/or federal law.

9.      The alleged wrongful conduct does not rise to the level of a constitutional deprivation and Plaintiffs have no federal cause of action.

10.     No act or omission of the Defendants proximately caused Plaintiffs any damage.

11.     Plaintiffs cannot satisfy "proximate causation" requirements of 42 U.S.C. §1983.

12.     The Defendants lacked the required intent or state of mind necessary to commit a violation of 42 U.S.C. § 1983.

13.     To the extent any State law claims are allowed to be pled, the Defendants are entitled to all applicable immunities afforded by the common law and the Indiana Tort Claims Act, I.C. § 34-13-3-1, et. seq., and the limitation, "caps" and protections afforded by the Indiana Tort Claims Act and the Common Law are asserted and applicable.  Likewise, any state law claims pled

are barred to the extent the Plaintiffs have failed to comply with any notice requirements found within the Indiana Tort Claims Act.

14.     The Defendants rely upon the Common Law Doctrine of "Good Faith" Immunity.

15.     Defendants have not deprived Plaintiffs of a liberty or property interest capable of sustaining a claim for violation of constitutional rights.

16.     The Plaintiffs' claims against the municipality must be barred to the extent that they attempt to establish liability based on the theory of respondeat's superior or vicarious liability.

17.     Defendants reserve the right to raise, modify or withdraw defenses as additional facts become known.

18.     Defendants are immune from punitive damages with regard to state law claims pursuant to I.C. 34-13-3-4.

19.     Plaintiffs' claim is barred by the Indiana Tort Claims Act, Ind. Code § 34-13-3-0.1 et seq.

20.     To the extent a hearing or opportunity to be heard was made available to Plaintiffs, their claims should be barred under the defenses of release, waiver, estoppel and laches.

21.     Plaintiffs' have failed to join a necessary party pursuant to Federal Rule 12(b)(7), and has not named the Environmental Protection Agency and the Indiana Department of Environmental Management.

22.     To the extent the Plaintiffs have a constitutionally protected property interest in their lease agreements, the Plaintiffs do not have a viable property interest defined by statute, ordinance, contract, implied contract and rules and understandings developed by state officials with the Defendants.

23.     A prior hearing is not constitutionally required where there is a special need for very prompt action to secure an important public interest.

24.     The Plaintiffs' claims are barred by the applicable statute of limitations.

25.     Any allegations in Plaintiffs' Complaint which have not heretofore been specifically admitted, denied or otherwise controverted are hereby specifically denied.

Respectfully submitted,

**TOLBERT & TOLBERT LLC**

/s/Michael E. Tolbert
By:     Michael E. Tolbert
        1085 Broadway, Ste. B
        Gary, IN  46402
        Ph:  219-427-0094
        Fx:  219-427-0783
        Attorney for Defendant East Chicago
        and Anthony Copeland

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 11th day of October, 2017, service of a true, correct and complete copy of the foregoing pleading and/or paper was made upon all counsel of record via the Court's CM/ECF system and/or via United States regular mail with the proper postage affixed to:

Roberto Alejandro Mendoza
6950 S. Indianapolis Blvd.
Hammond, IN 46324
info@alexmendozalaw.com

Kelli Dudley
Law Office of Kelli Dudley
1658 Milwaukee
Chicago, IL 60647
attorneykelli@sbcglobal.net

Kathleen DeLaney
DeLaney & DeLaney LLC
3646 N. Washington Blvd.
Indianapolis, IN 46205

kathleen@delaneylaw.net

Mary Nold Larimore
Amy S. Berg
Ice Miller LLP
One American Square, Ste 2900
Indianapolis, IN 46282
Larimore@icemiller.com
Amy.Berg@icemiller.com

Nancy G. Milburn
Shreya A. Fadia
Arnold & Porter Kaye Scholer LLP
250 W 55th Street
New York, NY 10019-9710
Nancy.Milburn@apks.com
Shreya.fadia@apks.com

Sean O. Morris
Kathryn W. Hutchinson
Arnold & Porter Kaye Scholer LLP
777 S. Figueroa Street
Los Angeles, VA 90017-5844
Sean.Morris@apks.com
Kathryn.Hutchinson@apks.com

Respectfully submitted,

**TOLBERT & TOLBERT LLC**

/s/Michael E. Tolbert_____

By:   Michael E. Tolbert
1085 Broadway, Ste. B
Gary, IN  46402
Ph:  219-427-0094
Fx:  219-427-0783
Attorney for Defendant, City of
East Chicago and Anthony Copeland