UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **KENDRA MABRY**, individually and as mother and next friend of **K.W.**, **M.C. 1**, **M.C. 2**, **J. W. 1**, and **J.W. 2**, who are minors, **ANGELA ESPINOZA**, individually and as mother and next friend of **A. E.**, **R.E.**, **N.C.**, **A.C.**, and **K.C.**, who are minors, and **ROBERTO CABELLO, JR.**, on behalf of themselves and all other similarly-situated persons, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF EAST CHICAGO**, **ANTHONY COPELAND**, individually and in his capacity as mayor of the City of East Chicago, **BP PRODUCTS NORTH AMERICA, INC.**, **E I DUPONT de NEMOURS AND COMPANY**, **ATLANTIC RICHFIELD COMPANY**, **EAST CHICAGO HOUSING AUTHORITY**, and **TIA CAULEY**, individually and in her capacity as the director of the East Chicago Public Housing Authority,<br><br>Defendants. | Cause No. 2:16-cv-00402-JVB-JEM<br><br><br><br>**JURY TRIAL DEMANDED** |

# OBJECTION OF DEFENDANTS EAST CHICAGO HOUSING AUTHORITY AND TIA CAULEY TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Come now, Defendants EAST CHICAGO HOUSING AUTHORITY ("ECHA") and TIA CAULEY ("Cauley") (together, the "ECHA Defendants"), by their undersigned counsel, for their Objection to Plaintiffs' Motion for Leave to File Amended Complaint and state as follows:

1. In its February 11, 2020 Order, the Court dismissed Plaintiffs' Fair Housing Act claims for discrimination and disparate impact, § 1982 claim, and Equal Protection Clause claim (without prejudice). The Court also dismissed Plaintiffs' § 1983 claim against Cauley in her official capacity (with prejudice).

2. In the February 11 Order, the Court also directed that "[c]onsistent with the Court's prior orders on motions to dismiss in this case, the Tenants will be given leave to file a motion for leave to amend their complaint."

3. On April 13, 2020, the Plaintiffs filed their Motion for Leave to File First Amended Complaint ("Motion to Amend"). [See Docket Entry 91.]

4. On April 27, Defendants the City of East Chicago and Anthony Copeland (together, the "City Defendants") filed their opposition to Plaintiff's motion for leave. [See Docket Entry 96].

5. As the City Defendants correctly point out, this Court has discretion to grant or deny leave to amend. *Campbell v. Ingersoll Mill. Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). Leave should not be granted, moreover, where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991).

6. Here, the ECHA Defendants believe that amendment will be futile because Plaintiffs have failed to cure the deficiencies in their prior pleadings.

7. With respect to Plaintiffs' Fair Housing Act disparate impact claim, for example, a disparate impact claim cannot rest on a series of one-time, discrete occurrences. *See Wallace v. Chicago Housing Auth.*, 321 F. Supp. 2d 968, 974 (N.D. Ill. 2004); *Wright v. Nat'l Archives & Records Serv.*, 609 F.2d 702, 712 (4th Cir. 1979) ("The policy or practice contemplated by disparate impact doctrine consists of more than the mere occurrence of isolated or 'accidental' or sporadic discriminatory acts . . . ." (quotations omitted)); *Ambris v. City of Cleveland*, No. 1:12CV774, 2012 WL 5874367, at *10 (N.D. Ohio Nov. 19, 2012) (dismissed plaintiff's § 1983 claims because her situation did not rise to the level of a "policy" or "custom" and held that an isolated incident of alleged discrimination and disparate impact cannot, in itself, rise to the level of policy or custom). No facts are alleged from which the Court could infer that ECHA adopted a policy that could form the basis of a disparate impact claim. Each allegation relates to ECHA's response to the sudden notification that the Complex may present health and safety risks to tenants. Plaintiffs' proposed amended complaint, therefore, is deficient—just as their original complaint was deficient.

8. Notwithstanding what the ECHA Defendants believe are persistent deficiencies, the ECHA Defendants are cognizant that leave to amend is freely given in this Circuit. *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015).

9. As such, and rather than repeat the arguments adduced by the City Defendants, the ECHA Defendants join in the City Defendants' objection, refer the Court to the arguments raised therein, and will be prepared to highlight these deficiencies—as they relate to the ECHA

Defendants—in greater detail in a motion to dismiss, should this Court grant Plaintiffs leave to amend.

WHEREFORE, the Defendants, EAST CHICAGO HOUSING AUTHORITY and TIA CAULEY respectfully request that the Court deny Plaintiffs' Motion to Amend.

Respectfully submitted,

**ICE MILLER LLP**

/s/ Justin Steffen

Mary Nold Larimore, #9877-49
P: 317-236-2407 | F: 317-592-4688
Email: Larimore@icemiller.com
Amy S. Berg, #32513-32
P: 317-236-2247 | F: 317-592-4259
Email: Amy.Berg@icemiller.com
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200


Justin Steffen *(Pro Hac Vice)*
ICE MILLER LLP
200 W. Madison Street, Suite 3500
Chicago, IL 60606-3417
Phone: 312-726-7147
Fax: 312-726-7163
Email: Justin.Steffen@icemiller.com

Jewel Harris, Jr.
HARRIS LAW FIRM, P.C.
11410 Broadway
Crown Point, IN 46307
P: 219-661-1110 | F: 219-661-1118
Email: jharris@harrislawfirmpc.net

*Attorneys for Defendants ECHA and Tia Cauley*

# CERTIFICATE OF SERVICE

      The undersigned counsel hereby certifies that a copy of the foregoing has been served on all counsel of record registered for electronic service this 27th day of May 2020 by the Court's electronic filing system.

                                                  *s/ Amy S. Berg*
                                                  Amy S. Berg