UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KENDRA MABRY, *et al.*, )<br>Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:16-CV-402-JVB-JEM |
| ) | |
| CITY OF EAST CHICAGO, *et al.*, )<br>Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Retax Costs [DE 238] filed by Plaintiffs Kendra Mabry and Angela Espinoza on February 8, 2024. Defendants did not file a response. For the reasons below, the Court waives the imposition of costs against Plaintiffs.

Judgment was entered in favor of Defendants on December 28, 2023. The time to file a bill of costs was extended, and Defendants' bill of costs was timely filed on January 18, 2024. The Clerk of Court provided notice that costs would be taxed on February 2, 2024, and the costs were taxed on that date in the amount of $13,620.98. On February 8, 2024, Plaintiffs filed the instant motion, and they filed affidavits in support of the motion on the following day. They request that the costs be waived or reduced in light of Plaintiffs' financial hardship and in the interest of justice.

Federal Rule of Civil Procedure 54(d)(1) provides that costs (other than attorney fees) should be awarded to the prevailing party. The rule also indicates that the court may review the clerk's taxation of costs on a motion served within 7 days of taxation. Fed. R. Civ. P. 54(d)(1). "Although Rule 54 does not specifically mention indigence, the rule speaks of the district court's discretion in general terms, and certainly does not prohibit a district court from considering indigence when assigning costs to a losing party." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The Seventh Circuit provides the following guidance for courts to consider when determining whether an indigent party should be liable for costs. "First, the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Rivera*, 469 F.3d at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). It is the losing party's burden to show, with evidentiary support, that they are in "dire financial circumstances." *Id.* "Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* No single factor determines the outcome, which is left to the Court's discretion. *Id.*

Plaintiffs attest in their affidavits that they are both single parents of five children each, that they have income below the federal poverty guideline for the size of their households,[1] and that the imposition of the costs against them would severely impact their ability to provide for their families, including potential effects on housing stability. Defendants do not contest this characterization of Plaintiffs' financial situations and the effect that the taxation of costs would have, nor do they assert that more evidentiary support is needed. The Court finds that Plaintiffs are incapable of paying the court-imposed costs at this time or in the future.

With the threshold question resolved, the Court turns to the different factors to consider as listed in *Rivera*. While the amount of costs are not excessive and appear to be reasonable in light of the litigation history of this case, including motion practice, $13,620.98 comprises a significant portion of Plaintiffs' annual income even when split between the two litigants.

---

[1] Ms. Mabry avers her annual income is approximately $28,000. Ms. Espinoza testifies that she works 19 hours per week at $13 per hour, which translates to approximately $13,000 annually. Ms. Espinoza indicates that she also receives food stamps (unspecified amount), Section 8 housing assistance ($108 monthly), Social Security benefits for four of her children from the death of their father ($700 total, presumably paid monthly), and a small amount of child support (less than $500 in the previous year).

Plaintiffs have litigated in good faith. Though they only partially withstood motions to dismiss and had summary judgment entered against them, their complaint was not frivolous, and their pursuit of their claims was not conducted unreasonably or vexatiously.

Further, regarding the closeness and difficulty of the issues and as noted above, multiple claims survived motions to dismiss and only fell at the summary judgment stage. The Fair Housing Act and equal protection claims that were decided on summary judgment related to the Plaintiffs' former residence, a housing complex which was found to have lead and arsenic present and which was vacated by 2016. Losing at summary judgment is not a perfect indicator of how close or how difficult the issues presented are. Often, discovery is needed in order to gain a full picture of how the events at issue occurred and how the relevant people were involved. Here, the case was neither so close nor so one-sided, and the issues were neither so simple nor so difficult, to affect the Court's decision regarding taxation of costs.

Ultimately, the review of the taxation of costs is a matter for the Court's discretion. *Rivera*, 469 F.3d at 634. The Plaintiffs are living in circumstances well below the federal poverty guidelines. If the costs were split evenly between the two Plaintiffs, the award would be nearly a quarter of Ms. Mabry's annual income and well over a quarter of Ms. Espinoza's. Their conduct during this litigation does not warrant the imposition of costs as a warning against frivolous or unmeritorious lawsuits in the future. Their lawsuit resulted from losing their housing at the residential complex at issue; their affidavits attest that Plaintiffs might well experience further housing instability if Defendants' costs are taxed against them. And, notably, Defendants have not presented any statement or argument opposing Plaintiffs' request that the fees be reduced or waived.

Therefore, the Court hereby **GRANTS** the Motion to Retax Costs [DE 238], **VACATES** the Notice of Costs Taxed [DE 237] and **ORDERS** that Plaintiffs are not obligated to pay Defendants' costs incurred in this litigation.

SO ORDERED on February 28, 2024.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT